CRAIG C. DANIEL (212588)
JUSTIN L. SOWA (305002)
GLUCK DANIEL ATKINSON LLP
201 Mission Street, Suite 1330
San Francisco, CA 94105
Telephone    415-510-2114
Facsimile    415-510-2208
Email        litigation@gluckdaniel.com

Attorneys for DEFENDANT BERNARD MOON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARL A. WESCOTT,<br><br>        Plaintiff,<br><br>      v.<br><br>BERNARD MOON; and DOES 1-10,<br><br>        Defendants. | Case No. 23-CV-6624-INT<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:       **April 30, 2024**<br>Time:       **1:30 p.m.**<br>Courtroom: **15**<br>Judge:     **Rita F. Lin** |

# NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please take notice that on April 30, 2024 at 1:30 p.m., or soon thereafter as this matter may be heard, before Judge Rita F. Lin in Courtroom 15 on the 18th floor of the above-entitled Court, located at 1301 Clay Street, Oakland, CA 94612, Defendant Bernard Moon will and hereby does move to dismiss Plaintiff Carl A. Wescott's Complaint (Dkt. No. 1) in its entirety pursuant to Federal Rule of Civil Procedure 12 (b)(6) on the grounds that the Complaint fails to state any claim upon which relief can be granted.

This Motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and records on file in this action, and such other written and oral arguments as may be presented to the Court at the hearing on this matter.

Dated:  March 15, 2024

GLUCK DANIEL ATKINSON LLP

*/s/ Craig C. Daniel*

Craig C. Daniel
Attorneys for Defendant BERNARD MOON

# **Table of Contents**

I.    INTRODUCTION ............................................................................................. - 6 -

II.    BACKGROUND AND ALLEGED FACTS. ..................................................... - 6 -

    A.    Plaintiff's allegations have all been previously dismissed. ......................... - 6 -

    B.    The same factual allegations were dismissed with prejudice in *Wescott* IV on July 6, 2022. - 9 -

III.    ISSUES TO BE DECIDED ............................................................................... - 9 -

IV.    LEGAL STANDARD ..................................................................................... - 10 -

V.    ARGUMENT .................................................................................................. - 10 -

    A.    Res Judicata precludes the entire Complaint because Judge Vince Chhabria dismissed the claims with prejudice in *Wescott* IV ......................................................... - 10 -

        1.    Same Cause of Action. ......................................................................... - 12 -

        2.    Same parties. ........................................................................................ - 12 -

        3.    Final judgment on the merits. ............................................................... - 12 -

    B.    The statute of limitations is not tolled because Mr. Wescott admits Mr. Moon traveled for business purposes and fails to allege any fact to the contrary. ................................. - 13 -

    C.    All counts must be dismissed as untimely wage claims. .............................. - 14 -

    D.    Count I (Breach of Contract) should be dismissed because it is time-barred, and the Complaint fails to allege a cognizable employment agreement existed. ............................... - 15 -

    E.    Count II (Wage Theft) must be dismissed because it is time-barred and because Mr. Wescott was not employed by Mr. Moon. ..................................................... - 16 -

    F.    Count III (Common Law Fraud) must be dismissed because it is time-barred, the claim is based on privileged statements, and the Complaint lacks the required particularity showing reliance. ................................................................................................... - 17 -

    G.    Count IV (Breach of Fiduciary Duty) should be dismissed because it is time-barred, and Mr. Wescott fails to plausibly allege a fiduciary relationship. .................................. - 19 -

    H.    Count V (Tortious Interference with Contract) should be dismissed because it is time-barred, and the factual allegations contradict the prima facie elements of the claim. ............. - 20 -

    I.    Count VI (Unjust Enrichment) should be dismissed because it is time-barred and because Mr. Wescott fails to state a plausible claim that Mr. Moon was enriched. ........................... - 22 -

    J.    Count VII (Breach of the Duty of Good Faith and Fair Dealing) should be dismissed because it is time-barred, and Mr. Wescott admits that he is seeking extra-contractual duties. - 22 -

VI.    CONCLUSION ............................................................................................... - 24 -

MOTION TO DISMISS

## **Table of Authorities**

**Cases**

*Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010)............................................ - 15 -

*Abramson v. Brownstein*, 897 F.2d 389, 392 (9th Cir. 1990)

*AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2018 U.S. Dist. LEXIS 118470, 2018 WL 3428525, at *3 (N.D. Cal. July 13, 2018) .................................................................... - 23 -

*Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985)............. - 11 -

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... - 10 -

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... - 10 -

*Boeken v. Philip Morris USA, Inc.* 48 Cal.4th 788, 792 (2010).....................................- 11 -, - 12 -

*Brandon G. v. Gray*, 111 Cal. App. 4th 29, 35 (2003) .............................................................. - 17 -

*Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1684 (Cal. Ct. App. 2008).............. - 11 -, - 20 -

*Calhoun v. Franchise Tax Bd.*, 20 Cal. 3d 881, 887 (1978).......................................................- 13 -

*Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998) .........................................................- 15 -, - 16 -

*DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015)......................................................- 11 -

*Fed. Home Loan Bank of S.F. v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1527 (2013)- 13 -

*Filet Menu, Inc. v. Cheng*, 71 Cal. App. 4th 1276, 1283 (1999)..................................- 14 -, - 22 -

*Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) ....................................................... - 13 -

*Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000)............................................................. - 23 -

*Hackethal v. Nat'l Cas. Co.*, 189 Cal. App. 3d 1102, 1111 (1987) ............................................ - 18 -

*Hartman v. Gilead Scis., Inc.*, 536 F.3d 1049 (9th Cir. 2008) .................................................. - 10 -

*Kiang v. Strycula*, 231 Cal. App. 2d 809, 811–12 (1965).......................................................... - 20 -

*Kim v. Reins International California, Inc.*, 9 Cal.5th 73, 91 (2020) ......................................... - 13 -

*Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993) .......................................... - 15 -

*Lebbos v. State Bar*, 165 Cal.App.3d 656, 667 (1985).............................................................. - 18 -

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 614 (1992) ............... - 23 -

*Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1088 (1993) ...................................................... - 18 -

*Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.2001) ......................... - 10 -

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) ........................... - 21 -

*Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008) ...................................... - 22 -

*Pressler v. Donald L. Bren Co.*, 32 Cal. 3d 831, 837-38 (1982) ........................................ - 15 -

*Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) ............ - 23 -

*Ross v. O'Neal*, 525 F. App'x 600 (9th Cir. 2013) ....................................................... - 14 -

*Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) ..................... - 22 -

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986) . - 10 -

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001) ............................ - 11 -

*Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035 (9th Cir. 2010) ............................... - 10 -

*Sterling v. Mayflower Hotel Corp.*, 93 A.2d 107, 110 (Del. 1952) ..................................... - 20 -

*Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ................................. - 11 -

*Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). ......................................................... - 11 -

*Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011) ............................................ - 19 -, - 20 -

*Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 821 (1989) ............................... - 11 -

*Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (1974) ................................................ - 21 -

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) ................................. - 17 -

*Voris v. Lampert*, 7 Cal. 5th 1141, 1148 (2019) ....................................................... - 17 -

*Weeden v. Hoffman*, 70 Cal. App. 5th 269, 288 (2021) ............................................... - 18 -

**Statutes**

28 U.S.C. § 1332 ........................................................................................ - 13 -

28 U.S.C. § 1915 .................................................................................. - 9 -, - 13 -

Cal. Civ. Code §47 ..................................................................................... - 18 -

Cal. Civ. Code § 1550 .................................................................................. - 15 -

Cal. Civ. Proc. Code § 339 .................................................................. - 13 -- 15 -, - 16 -, - 20 -, - 22 -

Cal. Civ. Proc. Code § 581 .................................................................................................. - 12 -

Cal. Code Civ. Proc. § 351 ................................................................................................. - 14 -

Cal. Lab. Code § 98.2 ......................................................................................................... - 15 -

Fed. R. Civ. P. 41 ................................................................................................. - 12 -, - 13 -

Fed. R. Civ. P. 8 .................................................................................................................. - 10 -

Fed. R. Civ. P. 9 ..................................................................................................... - 10 -, - 18 -

**Fed. R. Civ. P. 8(a)**........................................................................................................**- 10 -**

MOTION TO DISMISS

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    INTRODUCTION

This Court must dismiss this complaint for three independent reasons:

First, the complaint is barred by res judicata. This is at least the seventh time plaintiff Carl A. Wescott, a California-designated vexatious litigant[1] and serial pro se plaintiff, brought the same allegations of wage theft and fraud against defendant Bernard Moon and related parties[2]. Each case ended in dismissal, including a District Judge from this court dismissing with prejudice the same factual allegations that are re-alleged here against Mr. Moon.

Second, Mr. Wescott admits in his factual allegations that all claims accrued in July 2019. They are therefore barred by the statutes of limitations, and Mr. Wescott fails to put forward any plausible facts to support his theory of tolling the limitation periods.

Third, Mr. Wescott fails to allege plausible, non-conclusory facts that make a prima facie claim for each of the seven causes of action.

II.    BACKGROUND AND ALLEGED FACTS.

A.    Plaintiff's allegations have all been previously dismissed.

This is the sixth lawsuit brought by Plaintiff Carl Wescott against Defendant Bernard Moon and related companies and individuals for the same alleged wrongdoing.  The prior lawsuits are:

> **Wescott I**. *Wescott v. Augmented Knowledge et al.*, No. 2:20cv965-PHX-GMS (USDC Arizona). Complaint filed April 14, 2020 (RJN Exh. A.)  Motion to Dismiss for lack of subject matter jurisdiction granted August 3, 2020. Dkt. No. 21. (RJN Exh. B.) Judgment entered in favor of defendants and against plaintiff for $7,931.00, plus taxable costs in the amount of $450.00 and post-judgment interest. Dkt. No. 27. (RJN Exh. B.)

> **Wescott II.** *Wescott v. Moon et al.*, No. N21C-03-286 (Delaware Superior Court). Complaint filed March 31, 2021.  (RJN Exh. C.)  Dismissed on September 7, 2021, because Plaintiff failed to pay filing fee when his in forma pauperis application was denied. Dkt. ID 66907834.  (RJN Exh. D.)

---

[1] On May 1, 2017, Mr. Wescott was declared and registered as a vexatious litigant in California. San Francisco Superior Court Case No. FDI-14781666.
[2] Mr. Wescott has sued multiple people and entities related to Mr. Moon and SparkLabs Group, although he has not always named Mr. Moon. *See Carl A. Wescott v. Jessica Jackley et al.*, 2:22cv1615-SPG-AFM (Central District of California).

**Wescott III.** *Wescott v. Sparklabs lot Accelerator Fund, L.P. et al.*, No. 3:21cv9200 (NDCA transferred from USDC Delaware). Complaint filed March 29, 2021. (RJN Exh. E.) Dismissed for lack of subject matter jurisdiction without further leave to amend. Dkt. No. 18. (Exh. F.) Judgment dismissing without further leave to amend. Dkt. No. 19. (Exh. G.)

**Wescott IV.** *Wescott v. Daniel et al.*, No. 3:21cv10011 (NDCA). Complaint filed December 28, 2021, First Amended Complaint filed April 29, 2022. (RJN Exh. H.) Report and Recommendation for dismissal with prejudice. Dkt. No. 13. (RJN Exh. I.) Judgment adopting Magistrate Judge's Report and Recommendation and Dismissing with Prejudice. Dkt. No. 17 & 18. (RJN Exh. J.)

**Wescott V.** *Wescott v. Jackley*, No. 2:22-cv-1615-FLA-AFM (NDCA). Complaint filed April 6, 2022. (RJN Exh. K.) Dismissed for failure to prosecute October 4, 2022. (RJN Exh. L.)

**Labor Commission.** Mr. Wescott filed an action with the California Labor Commissioner's Office on June 19, 2020. (RJN. Exh. M.) That action was closed without action on January 15, 2021. (RJN Exh. N.)

In each of these lawsuits, Mr. Wescott alleged Mr. Moon and related companies under the umbrella of SparkLabs Group, owed him for work he performed for startup companies starting on October 26, 2017, and concluding on July 4, 2019.

Here, again, Mr. Wescott makes the same allegations[3]:

Mr. Wescott claims he was a "former employee" and "Venture Partner" of the SparkLabs Group, of which Mr. Moon was the "founding partner," and that Mr. Moon "offered the Plaintiff a full-time job at the SparkLabs Group, specifically to be the Managing Director and fund manager of the SparkLabs IoT Accelerator Fund . . .." (Complaint ¶¶ 28, 30, 31.)

Mr. Wescott alleges that Mr. Moon offered him a job through an email dated August 8, 2017. (Compl. Exh. C ("It would be awesome if you would come on board as the Managing Partner of SparkLab IoT. I already discuss this with Jimmy and Eugene, and will soon with HanJoo but we know that he will agree. . . . Your salary I assume will be at least

---

[3] Defendant disputes the characterization of many of the facts presented in the Complaint and the omission of other facts but recognizes that the Court must accept the factual allegations as true for purposes of this motion to dismiss.

$150,000/year.")).  Plaintiff claims he "accepted Mr. Moon's job offer and began full-time employment at his new job on October 26th, 2017."  (Compl. ¶ 36.)

According to Mr. Wescott, following a dispute, "On June 20th, 2019, Mr. Moon emailed the Plaintiff firing him from his full-time job at the SparkLabs Group (the Plaintiff read the email on June 21st, 2019). The Plaintiff's salary remained unpaid as of that point and still remains unpaid.").  (*Id*. ¶ 94.)  "Plaintiff's last day at the SparkLabs Group was July 4th, 2019 . . .." (*Id*. ¶ 84.)  As for his damaged, Plaintiff claims, "[a]ll the cash compensation owed (over $800,000, by the Plaintiff's math) should have been settled shortly after the Plaintiff's last day of July 4th, 2019, within 72 hours under California law (so by July 7th, 2019)." (*Id*. ¶ 106.)

Plaintiff next claims, "Mr. Moon then tortiously interfered with the Plaintiff's labor claim on his unpaid salary, instructing his attorney, Mr. Daniel, to provide a series of lies to the Labor Commissioner (including on July 31st, 2020 . . ..)." (*Id*. ¶ 108.)  "But for Mr. Moon's lies, the Labor Commissioner would have ordered Mr. Moon and the SparkLabs Group to pay the Plaintiff the $265,650.68 owing, plus 10% compounded interest going back to July 4th, 2019 . . .." (*Id*. ¶ 133.)

Ostensibly addressing the obvious statute of limitations problem, Plaintiff alleges, "Given that Mr. Moon has travelled outside of California for over a year of the last four or so years, the Plaintiff is within the statute of limitations on his original claims (due to the tolling of the statute of limitations)." (*Id*. ¶ 107.)

Mr. Wescott pursues claims for the following seven claims against Mr. Moon based on a theory of diversity jurisdiction:

Count I. Breach of Contract (for salary);

Count II. Wage Theft;

Count III. Common Law Fraud;

Count IV. Breach of Fiduciary Duty;

Count V. Tortious Interference with Contract;

Count VI. Unjust Enrichment, and

Count VII. Breach of Covenant of Good Faith & Fair Dealing.

**B. The same factual allegations were dismissed with prejudice in *Wescott* IV on July 6, 2022.**

On December 28, 2021, Mr. Wescott sued SparkLabs attorney Craig Daniel, his partners, and their law firm Gluck Daniel Atkinson LLP, for conspiracy and fraud arising from the same allegations, copied verbatim from earlier complaints. Mr. Wescott filed a First Amended Complaint, removing Mr. Daniel's partners and law firm but adding Bernard Moon as a defendant, on April 29, 2022. He pursued claims for (1) "Conspiracy for Wage Theft," (2) "Negligent Misrepresentation," (3) "Common Law Fraud," (4) "Conspiracy to Commit Fraud," and (5) "Aiding & Abetting Fiduciary Breach." The factual allegations in the *Wescott* V FAC were a carbon copy of the allegations that Mr. Wescott pursues here. (Exh. H to RJN (Dkt. No. 11 First Amended Complaint)).

Because Mr. Wescott requested leave to proceed in forma pauperis, Magistrate Judge Spero undertook the work of screening the complaint and amended complaint, found them deficient, and, on May 25, 2022, issued a Report and Recommendation for dismissal with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B). (Exh. I to RJN (Dkt. No. 13).) Judge Chhabria issued an Order Adopting Magistrate Judge's Report and Recommendation in every respect, dismissed the action with prejudice, and entered judgment for the defendants—including Bernard Moon—and against the plaintiff Carl Wescott on July 6, 2022. (Exh. J to RJN (Dkt. No. 17).)

## III. ISSUES TO BE DECIDED

Whether (1) Res Judicata bars all claims, (2) the claim for breach of contract (Count I) is time-barred and fails to allege a plausible claim because the Complaint fails to allege a cognizable employment agreement existed, (3) the claim for wage theft (Count II) is time-barred and fails to allege a plausible claim because Mr. Wescott does not allege he was employed by Mr. Moon, (4) the claim for common law fraud (Count III) is time-barred, the claim is based on privileged statements, and the Complaint lacks the required particularity showing reliance, (5) the claim for breach of fiduciary duty (Count IV) is time-barred and fails to allege a plausible claim because Mr. Wescott fails to plausibly allege a fiduciary relationship, (6) the claim for tortious interference with contract (Count V) is time-barred and fails to allege a plausible claim because the factual allegations contradict the prima facie elements of the claim, (7) the claim for unjust enrichment

(Count VI) is time-barred and fails to allege a plausible claim because Mr. Wescott fails to state a plausible claim that Mr. Moon was enriched, and (8) the claim for breach of the covenant of good faith and fair dealing (Count VII) is time-barred and fails to allege a plausible claim because Mr. Wescott admits that he is claiming extra-contractual duties.

## IV. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). However, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9 (b). The requirement of particularity means the fraud allegations must include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citing cases).

"[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Facial plausibility requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court must assume all allegations are true, but the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Hartman v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

## V. ARGUMENT

### A. Res Judicata precludes the entire Complaint because Judge Vince Chhabria dismissed the claims with prejudice in *Wescott* IV.

Res judicata prohibits lawsuits on "any claims that were raised or could have been raised" in a prior action. *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir.2001)

(citations omitted). The preclusive effect of a federal court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

Federal common law, in turn, requires a federal court to apply the law of the state "in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001). California courts look to their own law to judge the preclusive effect of a federal court judgment when the federal court sat in diversity. *Burdette v. Carrier Corp.*, 158 Cal. App. 4th 1668, 1684 (Cal. Ct. App. 2008) (recognizing the rule articulated in *Semtek* and applying California res judicata law to determine the effect of a prior judgment in a federal diversity action).

Under California law, "[t]he claim preclusion doctrine, formerly called res judicata, "prohibits a second suit between the same parties on the same cause of action." *Boeken v. Philip Morris USA, Inc.* 48 Cal.4th 788, 792 (2010). "Claim preclusion arises if a second suit involves (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." *DKN Holdings LLC v. Faerber*, 61 Cal.4th 813, 824 (2015). Similarly, federal courts apply res judicata when there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties. *See Stewart v. United States Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

The purpose of the rule of res judicata "is to prevent vexatious litigation and to require the parties to rest upon one decision in their controversy." *Torrey Pines Bank v. Superior Court*, 216 Cal. App. 3d 813, 821 (1989) (citation omitted). "Res judicata bars not only the reopening of the original controversy, but also subsequent litigation of all issues which were or could have been raised in the original suit." *Id*. (citation omitted). This doctrine ensures the finality of decisions and "serves to protect adversaries from the expense and vexation attending multiple lawsuits, to conserve judicial resources, and to foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Americana Fabrics, Inc. v. L & L Textiles, Inc.*, 754 F.2d 1524, 1529 (9th Cir. 1985) (Citations omitted).

Here, the entry of judgment in *Wescott* IV precludes this lawsuit against Mr. Moon because the two lawsuits were (i) based on identical factual allegations, (ii) pursued by Mr. Wescott against Mr. Moon, and (iii) *Wescott* V was dismissed with prejudice against Mr. Wescott.

### 1. Same Cause of Action.

"To determine whether two proceedings involve identical causes of action for purposes of claim preclusion, California courts have consistently applied the 'primary rights' theory." *Boeken*, 48 Cal. 4th 797 (citation omitted). "Under this theory, [a] cause of action … arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests." *Id.* at 797-78 (citation omitted) (alterations original). "Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term . . .." *Id.* at 798 (citation omitted).

> [F]or purposes of applying the doctrine of res judicata, the phrase cause of action has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced. Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different *legal ground* for relief. Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right.

*Boeken*, 48 Cal. 4th 798 (cleaned up) (emphasis original).

Here, Mr. Wescott's complaint is essentially a carbon copy of his allegations in his First Amended Complaint filed in *Wescott* IV. Although some of the legal theories differ, Mr. Wescott seeks to obtain the same redress for the same alleged harm. Therefore, this Court should find the operative pleading in *Wescott* IV to be the same cause of action as the Complaint in this case.

### 2. Same parties.

Mr. Moon is a named defendant in *Wescott* IV, and Mr. Wescott is again suing Mr. Moon in this lawsuit.

### 3. Final judgment on the merits.

It is unclear whether a California court applying California law regarding dismissal with prejudice would find the *Wescott* IV judgment to be a final judgment on the merits under Fed. R. Civ. P. 41 (b) because California's dismissal code requires the prevailing defendant to take the extra step of moving for dismissal. *See* Cal. Civ. Proc. Code § 581(f)(1). There is no such

requirement in the federal system. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . . any dismissal not under this rule—except on for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

However, the common law doctrine of "retraxit," or voluntary dismissal, is synonymous with dismissal with prejudice. *See Fed. Home Loan Bank of S.F. v. Countrywide Fin. Corp.*, 214 Cal. App. 4th 1520, 1527 (2013) (citing cases). And California courts recognize "[a] dismissal with prejudice is considered a judgment on the merits preventing subsequent litigation between the parties on the dismissed claim." *Kim v. Reins International California, Inc.*, 9 Cal.5th 73, 91 (2020) (citing cases). Furthermore, "[a] federal judgment is as final in California courts as it would be in federal courts . . .." *Calhoun v. Franchise Tax Bd.*, 20 Cal. 3d 881, 887 (1978) (citations omitted).

Here, Mr. Wescott alleges 28 U.S.C. § 1332 provides this Court with subject matter jurisdiction. Therefore, this Court's res judicata inquiry must look to California law to determine the claim preclusion effect on this Court's prior dismissal with prejudice in *Wescott* IV. The theory of subject matter jurisdiction in *Wescott* IV was also based on diversity; therefore, California, again, provided the substantive law. However, because Mr. Wescott sought the benefit of the federal in forma pauperis statute, 28 U.S.C. § 1915, federal law provided the basis of the dismissal with prejudice and subsequent judgment against Mr. Wescott and in favor of Mr. Moon. Mr. Wescott did not appeal the *Wescott* IV judgment. Therefore, this Court should treat the *Wescott* IV dismissal with prejudice as a final adjudication on the merits under Fed. R. Civ. P. 41(b).

**B.      The statute of limitations is not tolled because Mr. Wescott admits Mr. Moon traveled for business purposes and fails to allege any fact to the contrary.**

Each of Mr. Wescott's claims is time-barred, as further described below, and dismissal is proper for this reason alone. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984) ("Where a plaintiff raises a defense that would defeat the action, the complaint fails to state a claim on which relief may be granted."). *See* Cal. Civ. Proc. Code § 339 (two-year statute of limitation for claims based on oral contract, wage theft, unjust enrichment based, tortious interference with contract, and breach of the duty of good faith and fair dealing), § 338 (three-year statute of limitation for

common law fraud claims), § 337 (four-year statute of limitation for actions upon written contract, wage theft, unjust enrichment based, tortious interference with contract, and GFFD), § 343 (where the Code does not specify a statute for a specific claim, four-year statute of limitation will apply—breach of fiduciary duty).

Here, Mr. Wescott admits that all his claims are time-barred unless the limitation periods are tolled somehow. *See* Compl. ¶ 107 ("Given that Mr. Moon has travelled [sic] outside of California for over a year of the last four or so years, the Plaintiff is within the statute of limitations on his original claims (due to the tolling of the statute of limitations)."). Mr. Wescott does not explain his authority for tolling, but assuming he is referring to Cal. Code Civ. Proc. § 351, this Court should decline to find the statutes of limitations have been tolled.

Courts recognize the application of CCP § 351 is constitutionally infirm when it "impermissibly burdens interstate commerce with respect to residents who travel in the course of interstate commerce." *Filet Menu, Inc. v. Cheng*, 71 Cal. App. 4th 1276, 1283 (1999). *See also Abramson v. Brownstein*, 897 F.2d 389, 392 (9th Cir. 1990); *Ross v. O'Neal*, No. 2:11-cv-06124-JHN -Ex, 2011 U.S. Dist. LEXIS 125250, 2011 WL 5041967, at *10 (C.D. Cal. Oct. 17, 2011) affirmed *Ross v. O'Neal*, 525 F. App'x 600 (9th Cir. 2013) (unpublished) (applying common sense to factual allegations about travel related to interstate commerce).

Here, Mr. Wescott admits that Mr. Moon travels for business purposes. *See Id.* ¶ 78 (describing a phone call about his termination in May 2019 when Mr. Moon was abroad on business). However, Mr. Wescott hangs his entire tolling argument on the conclusory allegation that Mr. Moon has traveled for over a year of the last four years. *Id.* ¶ 107. Otherwise, the Complaint is silent about Mr. Moon's travel purposes and does not offer a thread of evidence that Mr. Moon was traveling for non-commercial reasons. This Court must disregard Mr. Wescott's conclusion and find the remaining allegations—there are none—do not support any theory of tolling.

### C.    All counts must be dismissed as untimely wage claims.

All of Plaintiff's counts seek wages allegedly withheld from him.  A claim for wages must be filed in a California Superior Court within 10 days after dismissal before the Labor

Commission. (Cal. Lab. Code § 98.2.) Plaintiff's Labor Commission action was dismissed without prejudice in 2021 (Compl. at 3:6-7; RJN Exh. N.) All of Plaintiff's wage-theft claims are time-barred. *Pressler v. Donald L. Bren Co.*, 32 Cal. 3d 831, 837-38 (1982).

> **D.** **Count I (Breach of Contract) should be dismissed because it is time-barred, and the Complaint fails to allege a cognizable employment agreement existed.**

California's statute of limitations for breach of contract is two years for actions based on oral agreements (CCP § 339) and four years for actions based on written agreements (CCP § 337). *Cuadra v. Millan*, 17 Cal. 4th 855, 859 (1998). A cause of action for unpaid wages accrues when the wages first become legally due. *Id.*

According to Mr. Wescott's Complaint, "[t]he salary owing was required by California law to be paid by July 7, 2019." Compl. ¶ 150. Mr. Wescott filed this lawsuit on December 18, 2023. So, regardless of whether Mr. Wescott claims Mr. Moon breached a written or oral contract, by his own admission, Mr. Wescott's claims for breach of contract accrued more than four years before he filed this Complaint. The breach of contract claim must be dismissed as time-barred for this reason alone.

However, even if the claims are timely, Mr. Wescott fails to allege a prima facie claim. The elements of a claim for breach of contract under California law are: (1) existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *See Abdelhamid v. Fire Ins. Exch.*, 182 Cal. App. 4th 990, 999 (2010). A contract must be supported by good consideration, i.e., a bargained-for exchange. *See* Cal. Civ. Code § 1550. However, "[w]here a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable." *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993).

Here, Mr. Wescott's pleadings contradict the existence of a contract with Mr. Moon. First, he does not allege an employment contract with defendant Bernard Moon. Instead, Mr. Wescott repeatedly identifies his alleged employer as "the SparkLabs Group" and/or "the SparkLabs IoT Accelerator Fund." Compl. ¶ 31 ("In August 2017, Mr. Bernard Moon, founding partner of the SparkLabs Group, offered the Plaintiff a full-time job at the SparkLabs Group, specifically to be

the Managing Director and fund manager of the SparkLabs IoT Accelerator Fund"). Even the exhibits attached to the Complaint show that Mr. Wescott has consistently alleged an employment contract with one of the SparkLabs entities—not Mr. Moon. For example, on June 18, 2020, Mr. Wescott claimed in a letter to the Labor Commissioner: "I was offered a job in email by Bernard Moon in August 2017 on behalf of the SparkLabs Group, with a $150,000 salary." (Compl. Exh. F at 1.) Likewise, Mr. Wescott's August 2020 letter to the Labor Commission described "the 21 months or so that I was a full-time employee of the SparkLabs Group." (Compl. Exh. H at 1.)

Mr. Wescott does not indicate anywhere in his Complaint that Mr. Moon was his putative employer. This is dispositive of his breach of contract claim.

Furthermore, Plaintiff hangs his claim on the allegation that Mr. Moon offered him a job through an email dated August 8, 2017. (Compl. Exh. C.) But that email is not a job offer and is not specific enough to create a written contract. Instead, Mr. Moon said that it would be "awesome" if Mr. Wescott became SparkLabs IoT's Managing Partner and made it clear that his partners had not yet agreed to Mr. Wescott's employment. Also, Mr. Moon did not specify a salary. He opined that if a job became available, the salary "I assume will be at least $150,000/year" with potential increases "depending on the amount that is raised and what we plan for the yearly budget." That language is not sufficiently specific to create a contractual employer-employee relationship.

Count I must be dismissed for failure to state a plausible claim upon which relief can be granted.

**E.      Count II (Wage Theft) must be dismissed because it is time-barred and because Mr. Wescott was not employed by Mr. Moon.**

California's statute of limitations for civil actions for unpaid wages is the same as those based on breach of contract: two years for actions based on oral agreements (CCP § 339); four years for actions based on written agreements (CCP § 337); and three years for wage liabilities created by statute (CCP § 338(a)). *See Cuadra*, 17 Cal. 4th 859. As discussed above, Mr. Wescott's claim for wage theft accrued on July 7, 2019, more than four years before he filed this Complaint, and must be dismissed as time-barred.

Furthermore, just as Mr. Wescott failed to allege plausibly that he had a contract with Mr. Moon, he did not allege that defendant Bernard Moon owed him any wages. "The employment relationship . . . is 'fundamentally contractual,' meaning it is governed in the first instance by the mutual promises made between employer and employee." *Voris v. Lampert*, 7 Cal. 5th 1141, 1148 (2019) (citation omitted) (declining to recognize a conversion claim to nonpaid wages). "The promise to pay money in return for services rendered lies at the heart of this relationship. Historically, when that promise has been broken, the 'usual remedy' has been an action for breach of contract." *Id*. (citations omitted).

As explained above, Mr. Wescott's allegations contradict his claim that he had a specific enforceable contract with Mr. Moon. Therefore, his wage theft claim should be dismissed for failure to state a plausible claim upon which relief can be granted.

**F.      Count III (Common Law Fraud) must be dismissed because it is time-barred, the claim is based on privileged statements, and the Complaint lacks the required particularity showing reliance.**

California's statute of limitations for fraud claims is three years. CCP § 338. A cause of action for fraud accrues on "the date the complaining party learns, or at least is put on notice, that a representation was false." *Brandon G. v. Gray*, 111 Cal. App. 4th 29, 35 (2003). *See also* CCP § 338 (d).

In Count III, for common law fraud, Mr. Wescott accuses Mr. Moon of making fraudulent statements to the Labor Commissioner through SparkLabs' attorney, Craig Daniel. Mr. Daniel's letter to the Labor Commissioner, attached to the Complaint as Exhibit G, is dated July 31, 2020. Mr. Wescott's claim for fraud, therefore, lapsed three years later, in July 2023. Because his claim is untimely based on his own allegations, Mr. Westcott's claim for Common Law Fraud must be dismissed for this reason alone.

However, even if not time-barred, Mr. Wescott still fails to allege plausible facts to support a prima facie claim for fraud with the required specificity. In California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003) (citations omitted). *See also Hackethal v. Nat'l Cas. Co.*, 189 Cal. App. 3d 1102, 1111

(1987) (same). "It is settled that a plaintiff, to state a cause of action for deceit based on a misrepresentation, must plead that he or she actually relied on the misrepresentation." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1088 (1993).

In addition, fraud claims are subject to a higher pleading standard, and the circumstances constituting fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks omitted).

First, the fraud claim fails because it is based on privileged speech. To support his entire fraud claim, Mr. Wescott alleges that Mr. Moon, through his attorney Craig Daniel, "made false statements of material fact to the Labor Commissioner and its staff concerning the underlying facts related to the Plaintiff's full-time job with the SparkLabs Group." (Compl. ¶ 166.) However, statements to the California Labor Commissioner are protected by the litigation privilege. *See* Cal. Civ. C. §47 (b) (a "privileged publication or broadcast is one made ... [i]n any ... judicial proceeding, or ... in any other official proceeding authorized by law). This privilege "extends to quasi-judicial as well as judicial proceedings." *Lebbos v. State Bar*, 165 Cal.App.3d 656, 667 (1985). "The immunity from liability afforded by a privileged communication applies to bar tort actions based on publications in protected proceedings, including a cause of action for interference with prospective economic advantage." *Id* at 667. Furthermore, "[t]he intention of the party making the privileged communication is irrelevant because the privilege is absolute in nature, applying to *all* publications, irrespective of their maliciousness." *Weeden v. Hoffman*, 70 Cal. App. 5th 269, 288 (2021) (citation omitted) (emphasis original).

Mr. Wescott admits that he initiated a quasi-judicial proceeding with the California Labor Commissioner: "The Plaintiff submitted a wage theft labor claim to the California Labor Commissioner's office on June 18th, 2020, seeking compensation from the SparkLabs Group, the umbrella entity of SparkLabas, encompassing its accelerator funds." (Compl. ¶ 117.) He also admits that the alleged fraudulent statements were made in the context of that proceeding: "As part

of Mr. Moon's conspiracy for wage theft and to aid and abet SparkLabs' wage theft by lying to various third parties including the Labor Commissioner, Mr. Moon lied repeatedly (through his attorney) to continue SparkLabs' acts of retaliation, wage theft and fraud." (Compl. ¶ 131.) Finally, Exhibit G to the Complaint, Mr. Daniel's July 31, 2020, letter to the Labor Commissioner, shows that it was submitted as a response to Mr. Wescott's Notice of Claim, and that Mr. Daniel was representing SparkLabs Global Ventures Management LLC (not Mr. Moon) in connection with that claim. Count III is based entirely on privileged communications and must be dismissed.

However, even if the litigation privilege does not apply, Mr. Wescott fails to specify a prima facie claim because he does not allege that Mr. Moon lied to him. Instead, he claims Mr. Moon lied to the Labor Commissioner through his attorney, and the Commissioner "reasonably relied on the Misrepresentations." (Compl. ¶ 170.) Even if true, Mr. Wescott's allegation cannot support a claim for fraud because it is missing the element of reliance. The claim must be dismissed for this reason alone.

**G.    Count IV (Breach of Fiduciary Duty) should be dismissed because it is time-barred, and Mr. Wescott fails to plausibly allege a fiduciary relationship.**

"To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action." *Thomson v. Canyon*, 198 Cal. App. 4th 594, 606 (2011) (explaining that "[i]t is widely understood that a plaintiff is not permitted to evade a statute of limitations by artful pleading that labels a cause of action one thing while actually stating another."). Where the gravamen of the complaint is that the defendant's acts constituted actual or constructive fraud, the applicable statute of limitations is the CCP § 338(d) three-year limitations period governing fraud even though the cause of action is breach of fiduciary duty. *Id*. (citations omitted). However, where the crux of the claim is based on a failure of a fiduciary duty rather than concealment, the residual four-year limitation period in CCP § 343 applies. *See Id*. at 607 (holding the residual limitation period applied to a claim that a real estate agent failed to draft necessary documents for their client).

Here, Mr. Wescott alleges that Mr. Moon was a "managing shareholder" and owed Mr. Wescott a fiduciary duty to "treat him fairly." (Compl. ¶ 174.) Mr. Westcott further alleges that

Mr. Moon breached this duty by "denying the Plaintiff just recompense and past, present and future compensation, [and] by lying to the Labor Commissioner . . .."  (Compl. ¶ 175) . As explained above, Mr. Moon's communications to the Labor Commissioner through his attorney are protected by the litigation privilege and are therefore not actionable. But if they were, then the three-year fraud limitation period would apply, and that part of the claim would be time-barred. And examining the gravamen of the remaining claim—that Mr. Moon breached a duty owed by Mr. Wescott by not treating him fairly and denying him his salary on July 7, 2019—then the residual four-year limitation period would apply, but this too would be time-barred. The breach of fiduciary duty claim must be dismissed as untimely.

However, even if this claim is not untimely, Mr. Wescott fails to allege a plausible claim for relief. "The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Thomson v. Canyon*, 198 Cal. App. 4th 594, 604 (2011). "Whether a fiduciary duty exists is generally a question of law." *Amtower v. Photon Dynamics, Inc.*, 158 Cal. App. 4th 1582, 1599 (2008) (citation omitted).

Mr. Wescott does not plausibly allege that Mr. Moon owed him a fiduciary duty. An officer or director does not have a fiduciary duty to treat an employee fairly or to pay an employee's salary. The case citation that Mr. Wescott lists in his complaint does not exist, but a case with the same name and a similar citation describes the duty of fairness when insiders stand on both sides of a merger—this is inapposite to Mr. Wescott's allegations that he wasn't paid his salary. *See Sterling v. Mayflower Hotel Corp.*, 93 A.2d 107, 110 (Del. 1952) ("Since they stand on both sides of the transaction, they bear the burden of establishing its entire fairness, and it must pass the test of careful scrutiny by the courts.")

Count IV must be dismissed.

**H.      Count V (Tortious Interference with Contract) should be dismissed because it is time-barred, and the factual allegations contradict the prima facie elements of the claim.**

The statute of limitations for tortious interference with a contract in California is two years. Cal. Code Civ. Proc. § 339(1); *Kiang v. Strycula*, 231 Cal. App. 2d 809, 811–12 (1965)

(explaining the two-year period applies to torts based on oral and written contracts). A tortious interference claim typically accrues "at the date of the wrongful act." *Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (1974). But in no event does a claim accrue "later than the actual breach of the contract by the party who was wrongfully induced to breach" because the breach is the culmination of the alleged wrong. *Id*.

Mr. Wescott claims that SparkLabs breached its contract on July 7, 2019, by not paying his salary. Under California law, Mr. Wescott's claim could not have accrued after that date. It, therefore, expired in July 2021, and Mr. Wescott's claim for tortious interference with a contract in this complaint is untimely and must be dismissed.

However, even if not time-barred, Mr. Westcott still fails to state a prima facie claim for tortious interference with a contract. To state a claim for intentional interference with contractual relations under California law, a plaintiff must show: (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

Here, the only contract that Mr. Wescott points to in his complaint is the alleged employment contract. Mr. Wescott claims his employers SparkLabs IoT and the SparkLabs Group breached their obligation to pay his wages on July 7, 2019. (Compl. ¶185.) As explained above, Mr. Wescott fails to allege facts to support the existence of an employment contract. However, even if an employment contract did exist, the conduct on which Mr. Wescott bases his tortious interference claim could not have disrupted the contractual relationship because they all occurred after July 2019, when the contract was allegedly breached. Mr. Wescott claims Mr. Moon interfered with that contract by "lying repeatedly to the Labor Commissioner (through his attorney)." (Compl. ¶ 183.) All statements made in the Labor Commissioner Action must have been made after Mr. Wescott initiated his wage claim on June 19, 2020. It is logically impossible for Mr. Moon's statements to the Labor Commissioner to have caused or contributed to a breach that occurred a year earlier.

1 Count V must be dismissed.

2 **I.      Count VI (Unjust Enrichment) should be dismissed because it is time-barred and because Mr. Wescott fails to state a plausible claim that Mr. Moon was enriched.**

3 

4 The statute of limitations for the tort of unjust enrichment is two or four years, depending

5 on the form of the underlying contract. *See Filet Menu, Inc. v. Cheng*, 71 Cal. App. 4th 1276, 1280

6 (1999) (explaining the four-year limitation of CCP § 337 applies to written contracts and the two-

7 year limitation period of CCP § 339 applies to oral or quasi-contracts). Either way, Mr. Wescott

8 admits that the date of the alleged unjust enrichment is the date SparkLabs allegedly should have

9 paid Mr. Wescott for his labor: July 7, 2019. Therefore, his claim is untimely and must be

10 dismissed as time-barred.

11 However, even if it is not untimely, Mr. Wescott still fails to state a plausible claim for

12 unjust enrichment. "The elements of an unjust enrichment claim are the receipt of a benefit and

13 [the] unjust retention of the benefit at the expense of another.'" *Peterson v. Cellco P'ship*, 164 Cal.

14 App. 4th 1583, 1593 (2008) (citation omitted) (alteration original). "Unjust enrichment is not a

15 cause of action, however, or even a remedy, but rather a general principle, underlying various legal

16 doctrines and remedies. It is synonymous with restitution." *Rutherford Holdings, LLC v. Plaza Del*

17 *Rey*, 223 Cal. App. 4th 221, 231 (2014) (citations omitted).

18 Here, Mr. Wescott does not allege that Mr. Moon individually received any benefit from

19 Mr. Wescott's employment with the SparkLabs Group entities. Instead, Mr. Wescott claims Mr.

20 Moon was "enriched by the value of the Plaintiff's services before his role as partner and

21 Managing Director including providing his labor, expertise and intellectual property to the

22 Defendant." (Compl. ¶ 187.)  But again, Mr. Wescott conflates his claim for wages from the

23 company SparkLabs and Mr. Moon, the defendant in this lawsuit. Because Mr. Wescott fails to

24 allege a plausible claim that Mr. Moon was unjustly enriched, Count VI must be dismissed.

25 **J.      Count VII (Breach of the Duty of Good Faith and Fair Dealing) should be dismissed because it is time-barred, and Mr. Wescott admits that he is seeking extra-contractual duties.**

26 

27 An action for breach of the covenant of good faith and fair dealing is subject to a four-year

28 statute of limitations for claims based on a written instrument, and two years for claims based on

an oral agreement. Code Civ. Proc. §§ 337(1), 339(1); *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 614 (1992) (finding that two-year limitations period also applies to causes of action for breach of the implied covenant when based on an alleged oral contract).

Here, Mr. Wescott hangs his Good Faith and Fair Dealing claim on the statements to the Labor Commissioner. *See* Compl. ¶¶ 198, 199. However, the statute of limitation period for a good faith and fair dealing claim derives from the type of underlying contract and, therefore, must begin when the underlying contract was breached—which Mr. Wescott alleges happened in July 2019. *See* Compl. ¶¶ 201, 202. The claim for breach of the duty of good faith and fair dealing must be dismissed for this reason alone.

However, even if it is not time-barred, Mr. Wescott still fails to allege a plausible good faith and fair dealing claim. In California, the factual elements necessary to establish a breach of the covenant of good faith and fair dealing are: (1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct. *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citing Judicial Council of California Civil Jury Instruction 325.). However, the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz v. Bechtel Nat'l Inc.*, 24 Cal. 4th 317, 349 (2000); *AdTrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2018 U.S. Dist. LEXIS 118470, 2018 WL 3428525, at *3 (N.D. Cal. July 13, 2018) (same). In other words, plaintiffs may not "add obligations to the parties' contracts" via a claim for breach of the covenant. *AdTrader*, 2018 U.S. Dist. LEXIS 118470, 2018 WL 3428525, at *10.

Here, Mr. Wescott admits that his good faith and fair dealing claim is based on Mr. Moon's statements to the Labor Commissioner and not part of the contract. "Moon breached the Covenant of Good Faith and Fair Dealing in this case by having Mr. Daniel make a series of false statements to the Labor Commissioner. This was an abuse of discretion by Mr. Moon and an action not within the contemplation of the parties at the time the contract of employment was entered into." (Compl.

¶ 198.) Therefore, Mr. Wescott is attempting to use his good faith and fair dealing claim to add contractual duties that did not previously exist. This is contrary to the law of good faith and fair dealing.

Count VII must be dismissed.

## VI. CONCLUSION

Defendant Bernard Moon respectfully requests that this Court dismiss the Complaint in its entirety under Fed. R. Civ. P. 12 (b)(6).

However, if the complaint is not dismissed or dismissed with leave to amend, Mr. Moon requests the plaintiff be ordered to pay costs of all previous actions against Mr. Moon and a stay of these proceedings until such payment is made. *See* Fed. R. Civ. P. 41 (d) ("If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.")

Dated: March 15, 2024                   GLUCK DANIEL ATKINSON LLP


                                        */s/ Craig C. Daniel*
                                        Craig C. Daniel
                                        Attorneys for Defendant BERNARD MOON

## PROOF OF SERVICE

I, Brenda Martinez-Eby, declare as follows:  I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action.  My business address is Gluck Daniel Atkinson LLP, 201 Mission Street, Suite 1330, San Francisco, California 94105.  On the date below, I served the attached paper identified below on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as indicated and served the named document in the manner indicated below.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

Service upon:

| | |
|---|---|
| Carl A. Wescott<br>8210 E. Via de la Escuela<br>Scottsdale, AZ 85258<br>Tel:  276-773-7377<br><br>*In Propria Persona* | |

☒   **BY CM/ECF NOTICE OF ELECTRONIC FILING**:  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒   **BY MAIL**:  I caused true and correct copies of the above document(s) to be served by mail on the above date by personally placing and sealing said document(s) in an envelope or package suitable for mailing, addressed to the addressee(s) and including this firm's return address, and then, following ordinary office practice, placing said sealed envelope in the office's usual location for collection and mailing with the United States Postal Service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 15, 2024**, at San Francisco, California.

/s/ ***Brenda Martinez-Eby***

Brenda Martinez-Eby

GLUCK DANIEL LLP
415-510-2114