CARL A. WESCOTT
8210 E. Via de la Escuela
Scottsdale, AZ 85258
*in propria persona*
+1 276 773 7377

**FILED**

MAR 18 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

DISTRICT OF CALIFORNIA - NORTHERN

| | |
|---|---|
| CARL A. WESCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>BERNARD MOON;<br><br>Defendant<br><br>+ DOES 1 to 10 | Civil Action No. **23-cv-06624-RFL**<br>**(formerly 23-cv-06624-KAW)**<br><br>**PLAINTIFF'S VERIFIED OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION** |

Plaintiff Carl A. Wescott, proceeding *pro se,* hereby objects to the Court's Report and Recommendation Regarding the Plaintiff's Complaint ("the Court's Report", or "the Report"). The Court's Report was docketed on March 7th (Docket, 14) and subsequently served upon the Plaintiff via first-class mail. In the Court's Report, the Court concluded that the Plaintiff's complaint was deficient; the Court recommended dismissal. However, the Court's recommended dismissal was due to the Court making incorrect assumptions about the underlying facts. First, the Plaintiff's labor claim was not denied, as the Court believed. The second incorrect assumption was that that the statute of limitations has passed on the Plaintiff's claims. The statute of limitations has considerable tolling for Mr. Bernard Moon, due to his frequent travel outside California.

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**

1

After a quick review of the relevant legal standards, the Plaintiff will provide more clarity herein on the facts of the Labor Commissioner's decision and the tolling of the statute of limitations. In doing so, the Plaintiff will establish that this Court has subject-matter jurisdiction. Then, the Plaintiff will respectfully request that his legal complaint be allowed to move forward with a positive outcome from the 28 USC § 1915 screening process.

## Memorandum of Points and Authorities
## LEGAL STANDARDS

A plaintiff's burden at the pleading stage is relatively light, in a Court's analysis of a Rule 12(b)(6) motion as to whether colorable claims are made. The same applies to *sua sponte* 28 USC § 1915 screenings, too, because the language of Section 1915(e)(2) parallels the language of *Fed. R. Civ. P.* 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-1127 (9th Cir. 2000). Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)*. The Court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party," *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995), including making all reasonable inferences in favor of the non-moving party *Rhodes v. Robinson*, 408 F.3d 559, 563 (9th 2005), and resolving all doubts in the plaintiffs' favor. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984). Claims must be "plausible on [their] face," meaning that the plaintiff must plead sufficient factual allegations to

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**
2

"allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). A *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

## Subject Matter Jurisdiction

The Plaintiff already established that this legal case qualifies for federal Court under 28 U.S. Code § 1332(a)(1):

> DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY; COSTS
> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States; *(28 U.S. Code § 1332 (a)(1))*

The Plaintiff resides in Scottsdale, Arizona (his domicile) and the Defendant is a citizen of California (with his domicile in the San Francisco Bay Area). Recoverable damages are well above the US $75,000 threshold, and the Parties have complete diversity of citizenship.

Based on the Court's Report, the Court's two quibbles with this case's qualification for subject-matter jurisdiction were that the Plaintiff had missed the 10-day deadline that applies to an

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**

appeal for denied labor claims in California, and the statute of limitations. The Plaintiff will address each of those issues, in turn.

### The Plaintiff's Labor Claim

The Plaintiff filed a timely labor claim with the California Labor Commissioner in June 2020 over his unpaid salary of approximately $259,897.26 (as of June 2019), including one-month's salary penalty for paying late, but not including interest. Including interest, the wage theft claim alone is now worth over $350,000, prior to the statutory doubling. (The Plaintiff's other claims add more significant sums).

The Plaintiff agrees with the Report that California Labor Code 98.2 would apply had the Labor Commissioner denied his labor claim. The Plaintiff also agrees that in the case of an "order, decision, or award", that the 10-day time limit for filing an appeal would apply. However, the Labor Commissioner did not deny the Plaintiff's labor claim, and the Plaintiff is not appealing a Labor Code decision. No "order, decision, or award" was made and the Plaintiff therefore has nothing to appeal.

In 2021, the Labor Commissioner informed the Plaintiff that due to the impacts of COVID, that the Labor Commission had a multi-year backlog and did not have the resources to adjudicate the Plaintiff's labor claim (Exhibit A, communication from Ms. Stephanie Barrett, stating that they hope to have hearings in 2022 for cases filed in 2019. The Labor Commission dismissed the Plaintiff's claim without prejudice (Exhibit A) because the State of California did not have the handle tens of thousands of labor claims as the COVID pandemic hit. The Labor Commission and Ms. Barrett recommended that the Plaintiff file a legal complaint instead (Exhibit A, and also private communications with Ms. Barrett).

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**
4

### The Tolling of the Statute of Limitations

The Plaintiff included these facts in his original legal complaint on page 8:

### "Note about the Statutes of Limitations
22. Mr. Moon is out of California, including out of the country, over 1/3rd of the time, and thus the statutes of limitations on these causes of action have considerable tolling. They likely have over a year of tolling." (Legal complaint, page 8, lines 11 through 15).

The Plaintiff's legal complaint was verified, and thus the Plaintiff was already providing these facts under penalty of perjury. The Plaintiff's Objection is also verified by the Plaintiff under penalty of perjury. The Plaintiff will now provide further color and background on this issue.

Mr. Moon is a partner at the SparkLabs Group. The SparkLabs group runs accelerators around the world, in South Korea, Taipei, Hong Kong, mainland China, Australia, Arizona, Oman, Washington, DC, and Saudi Arabia. Each of those accelerators runs Demo Days. For example, the Seoul accelerator runs two cohorts per year and two Demo Days. Mr. Moon attends all of these events, among others. Thus, he is in South Korea for three or more weeks a year, and in each of the other locations, also for weeks per year.

The Plaintiff has detailed knowledge of Mr. Moon's travel schedule from working with him closely for years. The Plaintiff acknowledges that he does not have detailed knowledge of Mr. Moon's schedule right now, but Mr. Moon used to travel at least one-third to 40% of his time, including investor meetings and conferences. SparkLabs has now added more accelerators, such as the Washington DC one and Saudi Arabia. If anything, Mr. Moon therefore must be traveling more, not less, likely leaving California 40% of the time or more.

The Plaintiff acknowledges the Court's Report's conclusion that his claims stem from 2019. Most of the Plaintiff's causes of action have a four-year statute of limitations. The Plaintiff filed his legal complaint in December 2023. If Mr. Moon has been travelling out of California ~12% of his

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**

time, the Plaintiff is within the statute of limitations for all his causes of action that have a four-year statute of limitations. Mr. Moon likely still travels out of California 40%+ of the time, or perhaps more. The Plaintiff is therefore within the statute of limitations for all of those causes of action.

### Conclusion

The Plaintiff previously established that the Plaintiff and Defendant have complete diversity of citizenship and that his damages from the labor claim qualify for federal Court jurisdiction under 28 U.S. Code § 1332(a)(1). Separately, the Plaintiff's damages from his other causes of action also independently qualify over the US $75,000 threshold.

The Court's Report made an incorrect assumption, that the Plaintiff's labor claim had been denied by the California Labor Commissioner. The Plaintiff has supplied the pertinent facts, including further background and facts related to Mr. Bernard Moon's tolling of the California statute of limitations. The Plaintiff's causes of action are timely filed (accounting for the tolling of the statute). The Plaintiff has established subject matter jurisdiction. The Plaintiff respectfully requests that this Court allow his legal complaint to move forward out of the 28 USC 1915 screening process.     RESPECTFULLY SUBMITTED on March 15th, 2024

*[signature]*
CARL A. WESCOTT, *pro se*

### VERIFICATION

I, Carl A. Wescott, under penalties provided by California law as well as the federal laws of the United States of America, certify that the facts set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*[signature]*
CARL A. WESCOTT

**PLAINTIFF'S OBJECTION TO THE COURT'S REPORT AND RECOMMENDATION**
6

Dear Carl Wescott,


(EXHIBIT A)

You filed a claim for wages and penalties on June 18, 2020. *On the same day*, we sent notice of your claim to both you and your former employer. The employer's attorney denied the claim and stated that you were never an employee.

Currently, there are two deputies in the San Francisco district office with less than three years' experience, each of whom has a caseload of more than 1,100 claims. Due to events outside of our control, we have one hearing officer who is still in training. As a natural consequence, we have thousands of cases that were not resolved informally between the parties waiting for formal hearing. There are cases that were filed in 2019 and referred to formal hearing that we *hope* to schedule for a hearing in the year 2022.

We are tasked with the robust enforcement of labor laws (with an emphasis on minimum standards). We are expected to serve as many California workers as possible in as expedited manner as possible. Requiring anyone to wait for years for justice is no justice at all.

I personally reviewed your file, and, with the authority provided by Labor Code § 98, I dismissed your case *without prejudice\**.

Even if we had referred your case to formal hearing, we do not have the injunctive power of the court to keep the employer from secreting the money owed to you. The most we can do is enter an Order, Decision, or Award of the Labor Commissioner in Superior Court, as a judgment good for 10 years.

\*While we have dismissed your claim, and that is final, you retain the right to file the matter in Superior Court (whoever has jurisdiction over San Jose), with or without legal representation, and put the power of the Court to work for you now, not years from now.

Thank you,
*Stephanie Barrett*
Senior Deputy
San Francisco Wage Claim Adjudication Unit
Division of Labor Standards Enforcement
Department of Industrial Relations
455 Golden Gate Avenue, 10th Floor NE
San Francisco, CA 94102
DLSE homepage
DIR.LaborComm.WCA.SFO@dir.ca.gov
DIR.LaborComm.WCA.SRO@dir.ca.gov